# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 10, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DUANE ALEXANDER,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0876** (BOR Appeal No. 2048129)
                    (Claim No. 2012010134)

**PILGRIMS PRIDE CORPORATION OF WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Duane Alexander, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pilgrims Pride Corporation of West Virginia, Inc., by Stephen M. Mathias, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 1, 2013, in which the Board affirmed a January 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 21, 2012, decision which granted Mr. Alexander a 1% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Alexander, a laborer, was injured in the course of his employment on September 16, 2011, when he fell off of a stand. His claim was held compensable for a left foot cuboid fracture. Mr. Alexander previously suffered an injury to his left ankle in January of 2011, which required surgery in order to treat torn tendons. Charles Werntz, D.O., performed an independent medical evaluation on January 3, 2012, in order to determine the amount of permanent impairment Mr. Alexander sustained from his compensable injury. Dr. Werntz found that the fracture pain had resolved, but Mr. Alexander still had post-surgical pain that could be prolonged. Dr. Werntz

opined that the compensable injury had completely resolved. He assessed 4% whole person impairment but noted that the assessment included the pre-existing ankle injury. In a letter dated February 16, 2012, Dr. Werntz stated that he was asked to separate the impairment for each ankle injury. He opined that the first injury was more likely to cause permanent impairment and apportioned 3% impairment for it. He apportioned 1% impairment for the compensable injury in the instant claim. A second independent medical evaluation was performed by Bennett Orvik, M.D., on March 13, 2012. Dr. Orvik noted that Mr. Alexander had received no permanent partial disability award for his first ankle injury. He assessed 6% whole person impairment for the left ankle and noted that the impairment was the total impairment for both ankle injuries. He also noted that he did not apportion for the first ankle injury.

The claims administrator granted Mr. Alexander a 1% permanent partial disability award on February 21, 2012. The Office of Judges affirmed the decision in its January 28, 2013, Order. The Office of Judges found that Mr. Alexander sustained an ankle injury in January of 2011 that required surgery to treat torn tendons. He was unable to return to work until July of 2011. The compensable injury in this case occurred when he fractured his ankle in September of 2011. The Office of Judges determined that the examinations by Dr. Werntz and Dr. Orvik were both conducted in accordance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and neither was considered to be unreliable. The Office of Judges concluded that the evidence clearly shows that Mr. Alexander suffered a prior left ankle injury that would reasonably affect his range of motion. Because there is only one opinion of record that apportioned for the pre-existing injury, the Office of Judges found that Dr. Werntz's assessment of 1% whole person impairment was the most reliable opinion of record.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its August 1, 2013, decision. On appeal, Mr. Alexander argues that Dr. Orvik had no authority to apportion his assessment for the pre-existing injury because there was no range of motion testing conducted before the compensable injury. Pilgrims Pride Corporation of West Virginia, Inc., asserts that pursuant to West Virginia Code § 23-4-9b (2003), pre-existing impairments are not to be considered in determining the amount of permanent partial disability a claimant received as the result of an injury. Therefore, Dr. Orvik was correct to apportion for the pre-existing injury. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Alexander's permanent partial disability was correctly apportioned for his pre-existing injury and he is entitled to a 1% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 10, 2014**

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II